UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
SAMUEL MOSES,

                    Plaintiff,

        -against-

JACOB JOSEPH LEW,

                    Defendant.
-----------------------------------------X

**Not for Publication**

**MEMORANDUM & ORDER**
15-CV-1041 (KAM)

**MATSUMOTO, United States District Judge**:

      Plaintiff Samuel Moses ("plaintiff" or "Moses")

commenced this action, *pro se*, on March 2, 2015, alleging that

defendant Jacob Joseph Lew ("defendant" or "Lew"), the Secretary

of the United States Department of the Treasury, committed

various acts in violation of the Internal Revenue Code and other

unspecified statutes.   Plaintiff paid the requisite filing fee

to commence this action.   For the reasons set forth below, the

action is dismissed for lack of subject matter jurisdiction and

for failure to comply with Federal Rule of Civil Procedure

("Rule") 8.

**I.   BACKGROUND**

      The complaint is captioned "Libel of Review" and

"common law counterclaim in admiralty."   (ECF No. 1, Complaint

("Compl.") at 1.)[1]   A liberal reading of the complaint, together

with the attached documents, suggests that plaintiff is seeking

---

[1] The pages of the complaint are not numbered.   The court refers to the page
numbers assigned by the Electronic Case Filing system.

relief from the alleged wrongful withholding of a tax refund for the 2014 tax year by the Internal Revenue Service. Plaintiff also appears to seek an injunction from any future tax return withholdings or potential penalties associated with plaintiff's 2014 tax return, as well as the arrest of defendant Lew or "named agent or principal to be taken into custody for the violations of law." (Compl. at 5.)

Specifically, plaintiff frames this action as one for "theft and kidnap" and "inland seizure" for plaintiff's "fail[ure] to comply with the suggested terms" of the IRS. (Compl. at 2.) Plaintiff alleges under his "Cause of action," that the "Agent or agents of Jacob Joseph LEW [*sic*] are making nonsensical overtures about billing or fining Samuel Moses over misunderstanding law [*sic*]. It is apparent that the IRS agent is badgering Samuel Moses regarding presumptions that Samuel Moses endorses private credit from the Federal Reserve." (Compl. at 3.) Plaintiff also alleges that "Samuel Moses owns the house, all property and land free and clear, even that found registered in his legal or FULL NAME [*sic*]." (Compl. at 3.)

Plaintiff attaches documents to his complaint, including copies of correspondence from the Department of the Treasury, Internal Revenue Service, dated February 23, 2015 and addressed to Samuel M. Gansburg. The notice indicates that Samuel M. Gansburg "recently filed an unsubstantiated tax return

claiming one or more frivolous positions," that the IRS "found some of the information in [his] tax return to be frivolous[,] and that [his] position has no basis in the law." (Compl. at 9-12.) The notice further requires that plaintiff immediately file a corrected 2014 Form 1040 tax return in order to avoid a "$5,000 frivolous filing penalty" assessable under section 6702 of the Internal Revenue Code.[1] (Compl. at 9.) An undated response letter signed by Samuel Moses states that plaintiff has "been making demand [*sic*] for redeemed lawful money per USC Title 12 §411 the whole tax year 2014 and therefore should be getting a full refund of all withholdings." (Compl. at 13.) Based on the record, plaintiff appears to be alleging that the IRS is wrongfully withholding his 2014 tax returns and improperly seeking to fine him for filing a frivolous tax claim.

In his complaint, plaintiff also sets forth "facts" about the parties in a section entitled "Stipulation regarding character and residential address." (Compl. at 4.) Plaintiff alleges that "[a]ny registered attorney responding for Jacob Joseph LEW cannot be a citizen of the United States due to the

---

[1] Plaintiff also attaches partial copies of the United States Code related to Banks and Banking and the United States Constitution, documents related to the Public Records and Legislative Record of Colorado, a 1968 court case from a Minnesota town court, mailing receipts, a checking withdrawal and a Personal Account Maintenance form for TD Bank, and a letter to Fidelity containing a request that withdrawals and deposits be credited or exchanged "for lawful money in the form of non negotiable federal reserve notes of face value pursuant to Title 12 U.S. Code Section 411." (Compl. at 14-26.) None of these documents appears to be related to the correspondence with the IRS or to defendant Secretary of the Treasury.

*de jure* Thirteenth Amendment of the Constitution." (Compl. at 4.) Plaintiff also contends that he "is not Pro Se and is not representing himself" and that he "is authorized by fidelity bond to file default judgment in lieu of district court action." (Compl. at 6.) Plaintiff also alleges that he "is responsible asylum state [*sic*] visiting his judiciary under Rule E(8)." (*Id.*) Moreover, plaintiff asserts that defendant "Jacob Joseph LEW is clearly the debtor and Samuel Moses is clearly creditor." (Compl. at 7.)

Plaintiff states that "the nature of this cause is injunctive relief," (Compl. at 7), and demands that "the clerk will immediately issue an arrest warrant for Jacob Joseph LEW [*sic*] or named agent or principal to be taken into custody for the violations of law." (Compl. at 5.) Plaintiff also appears to seek declaratory relief, indicating under the section entitled "[s]tipulation of remedy," that "[t]he recourse sought is immediate exclusive original cognizance of the United States through the district court." (Compl. at 4.)

## II. DISCUSSION

### A. Legal Standard

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte. See Henderson ex rel. Henderson v. Shinseki,* -- U.S. --, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Indeed, federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any

party, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and "[w]here jurisdiction is lacking . . . dismissal is mandatory," *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Moore v. Angiuli & Gentile, LLP*, No. 12-CV-2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Moreover, Rule 8 requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

**B. Application**

Plaintiff's complaint neither establishes a basis for the court's jurisdiction nor presents a cognizable demand for relief as required by Rule 8. Fed. R. Civ. P. 8. A liberal reading of the complaint and the attached documents indicate that plaintiff's claims are improperly before this court. The complaint and its attached documents suggest that plaintiff believes that he is entitled to a refund for his 2014 taxes and that he is in danger of being assessed a penalty for a frivolous filing. Plaintiff also demands improper forms of relief: an arrest warrant for defendant and "immediate exclusive original cognizance of the United States through the district court." (Compl. at 4.)

i.  Plaintiff's Tax Claims Must Be Dismissed

Although plaintiff phrases his allegations in terms of constitutional and criminal violations of theft and improper seizure, the crux of plaintiff's dispute is the allegedly

7

wrongful withholding of his 2014 tax refund, his tax liabilities, and the penalties associated with his tax claims. It is difficult to ascertain, however, the precise nature of the claims and whether plaintiff is seeking to challenge the assessment of additional taxes, penalties or interest, or whether he is asserting a claim for a tax refund that he believes he has paid and that the IRS has wrongfully withheld. In any event, for the reasons set forth below, plaintiff's claims under either theory are barred by sovereign immunity.

"In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 139 (2d Cir. 1999). "Sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Despite plaintiff's argument that "[t]here is no governmental immunity to cover 'law enforcement officers' who choose to interfere with our rights to the land," sovereign immunity extends to claims against federal government officials acting in their official capacity. (Compl. at 5.) *Kentucky v. Graham,* 473 U.S. 159, 166-67 (1985); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994).

Sovereign immunity may be waived only if the government consents to suit. *Presidential Gardens Assocs.,* 175

F.3d at 139 ("The sovereign immunity of the United States may only be waived by federal statute."). The Internal Revenue Code, as modified by the IRS Restructuring and Reform Act of 1998, distinguishes between suits seeking refunds and suits challenging the assessment of taxes and penalties, and establishes limited waivers of sovereign immunity for each.

Federal district courts have jurisdiction over tax refund suits. 28 U.S.C. § 1346(a)(1). Section 1346(a)(1) waives sovereign immunity for claims by taxpayers seeking a *refund* of wrongfully collected internal revenue taxes. *United States v. Forma,* 42 F.3d 759, 763 (2d Cir. 1994) ("Through 28 U.S.C. § 1346, Congress has broadly consented to suits [seeking a refund of taxes allegedly erroneously assessed or collected] against the U.S. in district courts."); *Metcalf v. IRS*, No. 12-CV-2239, 2012 WL 2357761, at *2 (E.D.N.Y. June 19, 2012). As a preliminary matter, the taxpayer must name the United States as a party, not the IRS or an officer or employee of the United States. 26 U.S.C. § 7422(f)(1); *Murphy v. IRS,* 493 F.3d 170, 173 (D.C. Cir.) (waiver of immunity from tax refund actions under 28 U.S.C. § 1346(a)(1) applies to United States but not IRS). Title 26 Section 7422(f)(2) permits the court to *sua sponte* substitute the United States for the IRS as a defendant. 26 U.S.C. § 7422(f)(2) (providing that where a suit for recovery of an internal revenue tax is improperly brought against an

officer or employee of the United States, "the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action commenced.").

Taxpayers must also overcome "a series of procedural hurdles" in order to bring suit pursuant to 28 U.S.C. § 1346(a)(1), including the exhaustion of administrative remedies within the Internal Revenue Service and compliance with time limitations on filing suit. *United States v. Forma,* 42 F.3d 759, 763 (2d Cir. 1994); *See* 26 U.S.C. § 7433(d); 26 U.S.C. § 7422(a); 26 U.S.C. § 6511; 26 U.S.C. § 6532(a)(1). First, the taxpayer must pay the full amount of the assessment, including interest and penalties, and timely file a valid refund claim with the IRS. 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed."); *see Flora v. United States,* 362 U.S. 145, 177 (1960) ("[C]orrectly construed, [§ 1346(a)(1)] requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."); *Magnone v. United States*, 902 F.2d 192, 193 (2d Cir.

1990) (jurisdictional prerequisites for filing a tax refund suit in federal court require "that the taxpayer make full payment of the assessment, including interest and penalties."); *Falik v. United States,* 343 F.2d 38, 42 (2d Cir. 1965) (quoting *Flora v. United States,* 362 U.S. 145, 164 (1960) ("[A] person whose sole claim is that a federal tax assessment was not well grounded in fact and law must 'pay first and litigate later.'").

Second, a taxpayer cannot file suit against the IRS "before the expiration of 6 months from the date of filing the claim." 26 U.S.C. § 6532(a)(1); *see also Metcalf v. IRS*, No. 12-CV-2239, 2012 WL 2357761, at *3 (E.D.N.Y. June 19, 2012); *Harriman v. I.R.S,* 233 F. Supp. 2d 451, 459 (E.D.N.Y. 2002) ("[A] claimant must give the Internal Revenue Service at least six months to process a claim prior to commencing suit in federal court").

Plaintiff has not asserted that he followed the procedural requirements for filing a tax refund claim in federal court by filing a valid tax return requesting a refund, paying the assessed taxes, and waiting the requisite six months prior to commencing a federal action. Plaintiff's failure to allege that he filed such a claim and that such claim has been denied by the IRS, and the date of such denial, deprives this court of subject matter jurisdiction over any claim for refund against the United States. Accordingly, without compliance with Section

7422(a), this court is without subject matter jurisdiction over plaintiff's complaint and plaintiff's claims regarding the allegedly wrongful withholding of tax refunds must be dismissed. The court's dismissal is without prejudice to plaintiff re-filing in the event that he timely submits a claim for tax refunds to the IRS.

Moreover, the United States Tax Court has exclusive jurisdiction over challenges to the past assessment of tax liabilities or deficiencies.  26 U.S.C. § 6330(d) (vesting exclusive jurisdiction with the United States Tax Court over determinations by the IRS assessing a tax deficiency); *see Smith v. Everson*, No. 06-CV-0791, 2008 WL 818512, at *2 (E.D.N.Y. Mar. 21, 2008) *aff'd sub nom. Smith v. Shulman*, 333 F. App'x 607 (2d Cir. 2009) (citing *Silver v. Smith,* No. 02-CV-6281, 70 F. App'x 17, 19 (2d Cir. June 27, 2003) (summary order) (holding that the Tax Court has jurisdiction with respect to those levies over which is has deficiency jurisdiction, specifically income, gift and estate taxes)).  A taxpayer may appeal an IRS ruling to federal district court only if the Tax Court lacks jurisdiction over the underlying tax liability.  *See* 26 U.S.C. § 6330(d)(1)(B).

The United States Tax Court has exclusive jurisdiction to review the Commissioner of Internal Revenue's deficiency assessments, but not to review penalties that can be assessed

without a notice of deficiency. *Cipolla v. I.R.S.*, No. 02-CV-2063, 2003 WL 22952617, at *3 (E.D.N.Y. Nov. 5, 2003). Because deficiency procedures do not apply to the assessment or collection of frivolous tax return penalties pursuant to 26 U.S.C. § 6703, this court has subject matter jurisdiction to review plaintiff's challenges to the penalties associated with his tax return. *Id.* (finding that district court had jurisdiction to review plaintiff's challenges to penalties for filing frivolous tax claims).

Here, however, plaintiff has not alleged that the IRS has imposed any tax penalties, nor made any demands for payment. Indeed, plaintiff has only provided correspondence from the IRS indicating that a $5,000 penalty *may* be imposed upon a finding that his 2014 tax claim was frivolous. Thus, plaintiff has not demonstrated the existence of a "case or controversy" as required by Article III of the Constitution, as required for this court's jurisdiction. U.S. Const. art. III, § 2, cl. 1; *see E.I. Dupont de Nemours & Co. v. Invista B.V.*, 473 F.3d 44, 46 (2d Cir. 2006) ("The federal judicial power extends only to actual cases and controversies; federal courts are without jurisdiction to decide abstract or hypothetical questions law.").

     ii.  <u>Plaintiff's Alternate Grounds for Jurisdiction Also Fail</u>

Although plaintiff cites a variety of grants of jurisdiction, including admiralty and "inland seizure," "diversity of citizenship" of "an agent of a foreign principal," and "a federal question" premised on alleged violations of the criminal code, (Compl. at 2), plaintiff fails to plead sufficiently that this court has proper jurisdiction over his claims.

First, plaintiff fails to establish admiralty jurisdiction because he has not presented any contracts "which relate to the navigation, business, or commerce of the sea," *Sirius Ins. Co. (UK) Ltd. v. Collins,* 16 F.3d 34, 36 (2d Cir. 1994) (citations omitted), or any other basis for admiralty or maritime jurisdiction under 28 U.S.C. § 1333. Second, to the extent plaintiff attempts to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332, the court need not consider whether defendant is, as plaintiff claims, "an agent of a foreign principal," because plaintiff does not allege an amount in controversy in excess of $75,000. 28 U.S.C. § 1332.

Third, "[a] plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). However, a claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it

is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n.10; *see Valle v. Micro Research Techs.*, No. 10-CV-2909, 2010 WL 3958433, at *3 (E.D.N.Y. Oct. 7, 2010). Here, plaintiff does not allege, or even identify, which federal law or which, if any, constitutional right has been violated and in what manner. To the extent plaintiff asserts federal question jurisdiction on the basis of a violation of the Internal Revenue Code, his claims are dismissed as explained in Section B(i). Thus, even granting the complaint the liberal construction allowed *pro se* plaintiffs, plaintiff fails to present a colorable federal claim.

Fourth, violations of the Criminal Code may not serve as the basis for a civil cause of action unless the criminal statute cited includes an express or implied private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference). None of the criminal provisions plaintiff cites includes an express private right of action, nor may such a right be implied from the language of the statutes. *See, e.g., Giano v. Martino,* 673 F. Supp. 92, 95 (E.D.N.Y.) (no civil liability for violations of 18 U.S.C. § 1201), *aff'd,* 853 F.2d 1429 (2d Cir. 1987) (Table); *Shaughnessy v. New York*, 13-CV-271, 2014 WL 457947, at *7

(N.D.N.Y. Feb. 4, 2014) (no private right of action for the crime of treason under 18 U.S.C. § 2381).  Accordingly, because a private individual has no constitutional right nor standing to file criminal charges against another individual or government official, *see Leeke v. Timmerman,* 454 U.S. 83, 87 (1981), the court may not issue an arrest warrant against defendant on the basis of plaintiff's claims.

Finally, "[p]rivate citizens cannot enforce the provisions of the Internal Revenue Code.  That is the duty of the Secretary of the Treasury and the Commissioner of the Internal Revenue Service, who are charged with the responsibility of administering and enforcing the Tax Code. . . ."  *Seabury v. City of New York*, 06-CV-1477 (NGG), 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006) (citing *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 308 (1978)).  Instead, the exclusive remedy for violations of the Internal Revenue Code is provided by 26 U.S.C. § 7433, which allows taxpayers to bring damages actions against the United States where "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated under [it]."  26 U.S.C. § 7433(a).  In this case, plaintiff has not asserted reckless or negligent disregard of the Internal Revenue Code or requested damages; rather,

plaintiff alleges theft and kidnap, which the court construes as a claim for wrongful withholding of his 2014 tax return, and seeks injunctive relief for the continued withholding of his tax refunds and from any future assessment of tax penalties.

Plaintiff fails to establish a proper basis for this court's jurisdiction over his tax claims. Accordingly, plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

### iii. Plaintiff Seeks Improper Forms of Relief

Even if the court were to liberally construe plaintiff's claims to establish this court's jurisdiction, plaintiff's complaint fails to state a proper claim for relief. Although the complaint identifies various forms of relief, including "exclusive original cognizance of the United States through the district court," "injunctive relief from any future presentments and theft or kidnap actions," and "injunctive relief, albeit preemptive," for the reasons set forth below, plaintiff's requests for relief are dismissed as barred by the Anti-Injunction Act and the Declaratory Judgment Act. (Compl. at 4-5, 7.)

First, to the extent plaintiff seeks prospective injunctive or declaratory relief from any future tax penalties, such relief is improper here because it is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). *See Smith v. Shulman*, 333

F. App'x 607, 608 (2d Cir. 2009) (affirming district court's denial of plaintiff's request for injunctive or declaratory relief with respect to the IRS's assessment of taxes and penalties); *Tucker v. United States*, No. 96-CV-6039, 1998 WL 708923, at *2 (E.D.N.Y. July 6, 1998) (finding that plaintiff's claims for prospective injunctive and declaratory relief regarding the obligation to pay future taxes was barred by the Declaratory Judgment Act and Anti-Injunction Act); *Greenhouse v. United States*, 780 F. Supp. 136, 141 (S.D.N.Y. 1991) (discussing Declaratory Judgment Act's and Anti-Injunction Act's prohibition against relief with respect to federal tax claims).

The Anti-Injunction Act provides that, with certain statutory and judicial exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . ." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured [*sic*] of prompt collection of its lawful revenue." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962) (establishing an additional exception to the Anti-Injunction Act where "it is clear that under no circumstances could the government

ultimately prevail," and "equity jurisdiction otherwise exists.").

The Anti-Injunction Act prohibits federal courts from hearing claims for injunctive relief related to frivolous filing penalties, which are among the categories of penalties and liabilities considered a 'tax' to be assessed and collected in the same manner as taxes.[2]  *See* 26 U.S.C. § 6671 ("The penalties and liabilities provided by [Subchapter B of Chapter 68 of the Internal Revenue Code] shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes.  Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."); *National Fed. of Ind. Bus. v. Sebelius*, 132 S. Ct. 2566, 2584 (2012) (penalties included under Subchapter 68B of the Internal Revenue Code are treated as "taxes" for purposes of the Anti-Injunction Act); 26 U.S.C. § 6702 (the section of Subchapter 68B that provides for a civil penalty for frivolous tax returns); *Letscher v. United States*, No. 99-CV-2602, 2000 WL 1290864, at *4 (S.D.N.Y. Sept. 11, 2000) (applying the Anti-

---

[2] The Supreme Court has identified one judicial exception to the applicability of the Anti-Injunction Act in federal tax assessment and collection cases. This exception is applicable only when the plaintiff can show both: (1) that the government could "under no circumstances" ultimately prevail and (2) that equity jurisdiction otherwise exists.  Neither condition exists here.  *Bob Jones Univ. v. Simon,* 416 U.S. 725, 742–46 (1974); *Enochs v. Williams Backing and Nav. Co.,* 370 U.S. 1, 7 (1962); *see also Tucker v. United States*, No. 96-CV-6039, 1998 WL 708923, at *2 (E.D.N.Y. July 6, 1998).

Injunction Act to bar a claim for injunctive relief from the Government's assessment of a frivolous return penalty). Accordingly, plaintiff's claims for injunctive relief are barred by the Anti-Injunction Act and must be dismissed.

The Declaratory Judgment Act also prohibits plaintiff's requests for declaratory relief.  The Declaratory Judgment Act permits federal courts to issue declaratory judgments on cases of actual controversy within its jurisdiction, however, the Act specifically exempts from its coverage cases "with respect to Federal taxes."[3]  28 U.S.C. § 2201; *see Flora v. United States,* 362 U.S. 145, 164 (1960) (federal courts are precluded from entertaining requests for declaratory relief in most matters relating to federal taxes); *Lapadula & Villani, Inc. v. United States*, 563 F. Supp. 782, 784 (S.D.N.Y. 1983) ("The Declaratory Judgment Act . . . expressly provides that a Court may not declare the rights and other legal relations of interested parties where federal taxes are in issue.").  Accordingly, plaintiff's claims for declaratory relief with regard to the allegedly wrongful withholding of his tax refund are barred by the Declaratory Judgment Act and must be dismissed.

---

[3] The exception to the Declaratory Judgment Act's exemption of controversies "with respect to Federal taxes" are "actions brought under section 7428 of the Internal Revenue Code of 1986."  Section 7428, dealing with status and classification of organizations, is inapposite to the present case.

## CONCLUSION

The court has carefully reviewed plaintiff's complaint and finds that plaintiff fails to assert a basis for this court's jurisdiction and fails to set forth allegations that conform with the dictates of Rule 8.  Accordingly, the complaint is dismissed pursuant to Rule 12(h)(3) and for failure to state a claim for relief.

The court has considered whether to grant leave to amend the complaint, in light of its duty to liberally construe *pro se* complaints, but finds that amendment would be futile. Although plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is respectfully directed to close this case, serve a copy of this Memorandum and Order upon plaintiff, and note service on the docket by June 5, 2015.

**SO ORDERED.**

```
_____/s/_____
```
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
       June 3, 2015